UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OLIVER A. LEE,

        Plaintiff,

        v.                                    Case No. 25-cv-29-pp

HUD HOUSING ATTORNEY,[1]
MILWAUKEE HOUSING ATTORNEY,
MILWAUKEE REP. MR. WILLIE HEINZ,
SMART REALITY MANAGEMENT,
MPI PROPERTY MANAGEMENT,
RENTAL ASSISTANCE PROGRAM COMMUNITY ADVOCATE
and ZILLOW REALITY,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT**

In a one-month period between January 5 and February 6, 2025, the plaintiff filed three lawsuits in the federal court for the Eastern District of Wisconsin: this case (Lee v. HUD Housing Attorney, *et al.*, Case No. 25-cv-29); Lee v. Milwaukee Public School System, *et al.*, Case No. 25-cv-106; and Lee v. Milwaukee Parks and Recreation, Case No. 25-cv-181. In Lee v. Milwaukee Public School System, Case No. 25-cv-106, the court has issued an order screening the complaint, finding that it does not state a claim and giving the

---

[1] The plaintiff's handwriting is sometimes difficult to decipher. The court has interpreted the word after "Housing" to be "Attorney," but it could be a misspelling of "Authority" or another word.

1

plaintiff the opportunity to amend. In the complaint in the instant case, the plaintiff alleges that seven organizations, entities and individuals have misused and stolen government funds, committed tax fraud regarding government funds, discriminated and committed racketeering. Dkt. No. 1 at 1. Although they involve different defendants, these claims are similar to those the plaintiff brought in Case No. 25-cv-106.

Nine days after the court received the complaint in this case, it received from the plaintiff a motion for leave to proceed without prepaying the filing fee, dkt. no. 3, a magistrate judge consent form, dkt. no. 4, and a letter from the plaintiff, dkt. no. 5.

This order grants the plaintiff's motion to proceed without prepaying the filing fee (Dkt. No. 3) and screens the complaint.

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). In deciding whether to allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff

2

must fully disclose his financial condition and must do so truthfully, under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit avers that he is not employed, not married and has no dependents he is responsible for supporting. Dkt. No. 3 at 1. He attests that he receives $1,057.78 per month from Social Security Disability Insurance.[2] Id. at 2. The plaintiff lists monthly obligations of $1,000 for rent,[3] $291 for "ST,"[4] $40 for cell phone[5] and $30 for internet[6]. Id. at 2-3. He states that his monthly expenses total $1,500[7] (although the expenses he lists add up

---

[2] In Case No. 25-cv-106, the plaintiff asserted that he received $1,500 per month in SSI income. Lee v. Milwaukee Public School System, et al., Case No. 25-cv-106, Dkt. No. 3 at 2.

[3] In Case No. 25-cv-106, the plaintiff listed what appeared to be a monthly insurance payment of $175. Lee v. Milwaukee Public School System, et al., Case No. 25-cv-106, Dkt. No. 3 at 2.

[4] In Case No. 25-cv-106, the plaintiff identified a $291-per-month expense as "Food Stamps." Case No. 25-cv-106, Dkt. No. 3 at 2. The court suspects that the plaintiff may receive $291per month in food stamps, but that is not clear from the application in either case.

[5] In Case No. 25-cv-106, the plaintiff listed this expense as $35. Lee v. Milwaukee Public School System, et al., Case No. 25-cv-106, Dkt. No. 3 at 2-3.

[6] In Case No. 25-cv-106, the plaintiff listed this amount as $20 per month. Lee v. Milwaukee Public School System, et al., Case No. 25-cv-106, Dkt. No. 3 at 2-3.

[7] In Case No. 25-cv-106, the plaintiff attested that his monthly expenses added up to $2,000. Lee v. Milwaukee Public School System, et al., Case No. 25-cv-106, Dkt. No. 3 at 3.

to only $1,361). Id. at 3. The plaintiff says he does not own a car, a home, a financial or retirement account or any other property of value and he has no cash on hand or in a checking, savings or similar account. Id. at 3-4. Under "Other Circumstances," the plaintiff states, among other things, that he is sixty-six years old. Id. at 4.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will allow the plaintiff to proceed with the lawsuit without *prepaying* the filing fee. But the court advises the plaintiff that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When the court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)). And if the court allows the plaintiff to proceed without prepaying the filing fee in either of the other two cases that he has filed, he will be responsible for the full fee in each case.

## II.     Screening the Complaint

### A.     Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

4

may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A pleading filed by a self-represented litigant must be "liberally construed" by the court. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982).

Although courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

5

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Plaintiff's Allegations

The plaintiff did not use this district's form when preparing his complaint. His complaint is just over four pages long, handwritten and, in some places, difficult to read. In the caption on the first page, the complaint names seven defendants: HUD Housing Attorney,[8] Milwaukee Housing Attorney, Milwaukee Rep Mr. Willie Heinz, Smart Reality—Management, MPI Property Management, Rental Assistance Program—Community Advocate and Zillow Reality. Dkt. No. 1 at 1. On the first page, the plaintiff writes:

> 1) Mis use of govenment funds to support to support the fair housing Act of 1964.
> 2) Theif of govenment funds for personal use.
> 3) Tax fraud of government funds, plus Racial discrimination by deninion or refusing to Following The Civil Right Act of 1964.
> 4) Between - HUD, and Milwaukee Housing, Also Mr. Willie Heinz the above parties created a orgazation to take federal funds for the people a put in there pocket.
> 5) Racktering Act. A orgiazed effort to Decive and Defraud a group of people of color the in Milwaukee County the Right to Live a Purpose Driven Life.
> 6) This case or charges Dont xclude ownership management, This is part of the Racateering of Government funds. Including private owership that Includs Smart Management, MPI Management Zillow Micheal [illegible].

Id.

---

[8] The plaintiff made a written notation in the margin to the left of the word "HUD." The first two letters appear to be "ED," but the remainder is illegible. Dkt. No. 1 at 1.

In a section he titles "Fiaal[9] Statement," the plaintiff states:

> Note: To be Investagated by—FBI, DOG for misusing federal money for and to support fair Housing Act of 1964. This to show Milwaukee, HUD, Hosing Attory, Housing Asst has, been Direct violation of 1964 fair Housing Act. Also, defrauding, Rackatering, by program Headed by Mr. Willie Heinz, and his Department, Community Advocate. As I Requested that a persons be Ivestagated for violation of the Law and civil Rights violation, directed toward Black American In Milwaukee, WI Also across the United, because we have been violatd with no Responce.
>
> Note: This Discrimation as far as, proof or case Law we + I refure you + New York vs Donald Trump. His discrintion, and Races. Hate is here in Milwaukee, WI! Refure to that case Law.
>
> Note: To the courts who make the Desion on people life and welfair, my point of veiw when are we going to stop Being punish for Being here, we have Raise your kid fed you Till your land. Pick your cotton. I have one question what did we ever D to you!! for you to hate me!! Please Answer that for me!

Id. at 2.

In a section he titles "Redemy," the plaintiff states:

> 1) For Federal charges for the pain and suffering of my family and other familys Because your, deception, lies, thef of Government money ment for the people But put it in your pocket for that. 50,000,00, Punitive Damage you have caused 20,000,00, and the Theif of government money! by Milwaukee County HUD, Housing Authority, Willie Hiens Rent, Asst. program, community Advocate, all apart of a rackateering operation, lead by.
>
> Note: We will be contacting the Deptment of Juste with A copy of this letter. In direct violation of fair Housing Act 1964 Estimated money city of Milwaukee stole is 50,000.00, pain and suffering of families – 20,000,00, Payble within 20 day of Judjement. Everyone involved, gose to jail.
> Note: Also conpensitory damag of 20,000.00, of Lost wages - and direct violation of fair Housing Act costing families.

\* \* \* \* \*

---

[9] Possibly the plaintiff meant "Final Statement."

> Note: Requested: Please forward this INFO to US Department of Justice . . . .

Id. at 3.

> In a section he titles "Case Law," the plaintiff states:
>
> 1) by using federal Grant money to buy properties and Discrimate on them is in violation of the fair Housing Act of 1964 under President Lyndon B Johnson
> 2) Though Government programs they are bonded by Law under fair Housing Act to used all govermont money to provide and a hear to the fair Housing Act 1964. This covers, Grant, Loans, IF not use to support the fair Housing Act of 1964, They are in violation of federal Law and should be held Acct. for ther Deception, Frad, Theif under fedural Law, under fair Housing Act 1964.
> 3) Thease are Direct Efforts by HUD, Milwaukee officials to supress Black people from [illegible—possibly "gaining"] Housing That is a basic right under fair Housing Act 1964. Living condition. Has been poor at Best. In my The Racrateering Act is in play witch is a violation of 1964 fair Housing Act.
> 4) For further Refrence: see New York vs Donald Violation + reason they Appy to Milwaukee, County HUD, Milwaukee housing. Rent asst. progame. <u>Discrimation</u>
> Note: Racial Discrimation - is very much the Reason for Racial Discrimation, of People Also. Theif of Govenment money.
> Note: As part of my civil and constitution Right I request lead repersitation!

Id. at 4.

On January 15, 2025, the court received from the plaintiff a letter addressed, "Dear Judge." Dkt. No. 5. The letter stated that the plaintiff was endangering his life and the lives of his family, saying "I Request from the Information will set Milwaukee of fire Because of the wrong and supression, Discrimation, Racial Discrimation over years." Id. He says that there has been conspiracy, racketeering and suppression of the Black community for years, and he asks, "where is the government money ment for the Betterment of Black or Brown people I Milwaukee County." Id. He also says that out of fear for

8

himself and his family, he wishes to talk to the judge. Id. He says that he is willing to uncover the suppression of the types he described in the complaint. Id.

    C.    <u>Analysis</u>

As best as the court can tell, the plaintiff believes that there were funds that should have been used to provide the Black community in Milwaukee with housing, and that the defendants were involved in misusing, embezzling or stealing those funds. He believes that the defendants were involved in racketeering, and he believes that the defendants' actions have resulted in violations of the Fair Housing Act (part of the Civil Rights Act of 1968) and discrimination against, and suppression of, the Black community in Milwaukee.

To state a cognizable claim for relief under the federal notice pleading system, a plaintiff must provide a short and plain statement showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

9

The complaint does not meet the requirements of Rule 8(a)(2). Although the plaintiff names seven defendants in the caption of the complaint, the body of the complaint does not explain what these entities or people have done to violate the plaintiff's rights, or to violate the law. The complaint does not say who misused, embezzled or stole the funds (or why the plaintiff believes that funds have been misused, embezzled or stolen). It does not explain when the funds were misused, embezzled or stolen, or where. The plaintiff alleges that defendants HUD, Milwaukee Housing and Willie Heinz[10] "created an organization to take federal funds," but he does not identify the organization, explain when it was created[11] or state whether that organization obtained federal funds. The plaintiff mentions defendants Smart Management, MPI Management and "Zillow Michael [illegible]" once in the body of the complaint, but makes only the very conclusory allegation that these entities were involved in racketeering. Nothing in the complaint explains why the plaintiff believes that these seven defendants misused, embezzled or stole money, how they did it or when they did it.

Because the plaintiff did not explain who violated his rights or when or how, the court cannot determine whether it has jurisdiction. Federal courts are

---

[10] Willie Heinz was the leader of the Milwaukee Housing Authority; he resigned that position at the end of 2024. https://www.jsonline.com/story/news/2024/12/08/who-is-willie-hines-the-milwaukee-housing-authority-head-set-to-retire/76841861007/.

[11] If the plaintiff was referring to the Milwaukee Housing Authority, Willie Heinz did not create that organization. It was chartered by the State of Wisconsin in 1944. https://www.hacm.org/about-us/mission-history.

courts of limited jurisdiction. The court has an obligation at each stage of the proceedings to ensure that it has subject-matter jurisdiction over the dispute, Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013), and must dismiss the case if it lacks subject-matter jurisdiction. Federal courts have jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution, 28 U.S.C. § 1331, and cases between citizens of different states if the amount of money in dispute is more than $75,000, 28 U.S.C. § 1332.

It appears that the plaintiff may be trying to allege that the defendants violated federal law or the federal Constitution. Perhaps he is trying to allege that the defendants have engaged in racial discrimination in violation of the Fair Housing Act, or that they have violated some federal laws by misappropriating or misusing federal funds earmarked for particular programs. But as the court explained in its screening order in Case No. 25-cv-106, for "a plaintiff to get in the federal courthouse door and obtain a judicial determination of what the governing law is, the plaintiff cannot merely be a bystander, but instead must have a 'personal stake' in the dispute." FDA v. Alliance for Hippocratic Medicine, 602 U.S. 367, 379 (2024) (citation omitted). This "personal stake" is called "standing." "Article III standing requires the party invoking federal jurisdiction to demonstrate that (1) the plaintiff has suffered an injury-in-fact, (2) the injury was caused by the defendant, and (3) the injury is redressable by judicial relief. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). The plaintiff's injury-in-fact must be "concrete,

particularized, and actual or imminent." Ewing v. MED-1 Sols., LLC, 24 F.4th 1146, 1150–51 (7th Cir. 2022) (internal citations omitted). Particularized injuries are those that "affect the plaintiff in a personal and individual way." Id., 504 U.S. at 560 n.1. They must be distinguished from "generalized grievances" that affect the public generally and for which an individual cannot seek relief in federal court. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 348 (2006).

The plaintiff has not alleged that the defendants did anything to violate *his* rights; he has not described his "personal stake" in the dispute. Instead, the plaintiff appears to make general, conclusory allegations that the defendants have misused and misappropriated funds; such general allegations are insufficient to establish standing. See Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997) ("An interest shared generally with the public at large in the proper application of the Constitution and laws will not do."); Lance v. Coffman, 549 U.S. 437, 439 (2007) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). Federal courts do not "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" Alliance for Hippocratic Medicine, 602 U.S. at 379 (quoting Allen v. Wright, 468 U.S. 737, 760 (2984)).

In his petition to proceed without prepaying the filing fee, the plaintiff also mentions the Rehabilitation Act, the Americans with Disabilities Act and Section 8[12]. Dkt. No. 3 at 4. But the complaint does not make any allegations of discrimination based on disability. The Rehabilitation Act of 1973 prohibits discrimination based on disability by programs conducted and funded by the federal government, but the plaintiff has not identified any such programs or explained why he believes any of the defendants discriminated against him based on a disability. Nor has he identified any disability from which he suffers, which would be required under both the Rehabilitation Act and the Americans with Disabilities Act.

To the extent that the plaintiff is trying to allege that the defendants have committed crimes, a private citizen like the plaintiff does not have the authority to bring criminal charges against, or to criminally prosecute, the defendants. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Only a prosecutor, acting on behalf of a government entity, may bring a criminal charge. See Maine v. Taylor, 477 U.S. 131, 137 (1986) ("[P]rivate parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government."). To the extent that the plaintiff believes that law enforcement agencies such as the Federal Bureau of Investigation or the Department of Justice should be investigating the defendants, a federal

---

[12] Presumably Section 8 of the Housing Act of 1937, which provides rental assistance to low-income households by paying private landlords on behalf of the tenants.

civil lawsuit is not the appropriate mechanism for seeking such an investigation.

In short, the allegations in the complaint are too vague and general to allow the court to determine whether it has jurisdiction or to show that the plaintiff has standing to sue. Typically courts allow a plaintiff one chance to amend a defective complaint, as long as amendment would not be futile. Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). Because of the general and vague nature of the allegations, the court cannot determine whether allowing the plaintiff to amend his complaint would be futile, so the court will give the plaintiff an opportunity to amend his complaint. If the plaintiff decides to try to amend his complaint, there are several things he should keep in mind.

An amended complaint takes the place of, or "supersedes," the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all of the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint. He must provide the court with enough facts to answer the following questions: (1) Who (what person or persons) violated his rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights? and (4) When did each person violate his rights? He must explain how he, personally, has been damaged by any violations of his rights—how he, himself, has been harmed. If the plaintiff does not know the name of the person who violated his

14

rights, he may use a "John Doe" or a "Jane Doe" placeholder along with a description: "John Doe attorney for HUD," for example. The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. He must list the case number for this case—25-cv-29 on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that if the plaintiff wishes to proceed with this case,

15

he must file an amended complaint in time for the court to *receive* it by the end of the day on **August 22, 2025**.

If the court does not *receive* an amended complaint, or a motion asking for additional time to file one, by the end of the day on August 22, 2025, the court will dismiss this case for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 14th day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**